DOMINICK SCIVETTI, Respondent, *v.* NIAGARA MOHAWK POWER CORPORATION, Appellant. (Action No. 1.)

COMMERCIAL STRUCTURES, INC., Respondent, *v.* NIAGARA MOHAWK POWER CORPORATION, Appellant. (Action No. 2.)

ALBERT EDISON, Respondent, *v.* COMMERCIAL STRUCTURES, INC., et al., Defendants, and NIAGARA MOHAWK POWER CORPORATION, Appellant. (Action No. 3.) (And Three Other Actions.)

Fourth Department, October 31, 1968.

*Melvin & Melvin* (*Gerald J. Mathews* of counsel), for appellant.

*Albert Averbach* for Commercial Structures, Inc., respondent.

WILLIAMS, J. P. There are six actions and eight parties involved in this matter, but only the defendant Niagara Mohawk Power Corporation has appealed. The appeal concerns primarily an action by Commercial Structures, Inc. against Niagara Mohawk (Action No. 2), and it is based upon a claim that an explosion was caused by leakage of gas furnished to the premises by Niagara Mohawk and negligence in maintenance and in other respects. The complaints in some of the other actions allege that the explosion might have been caused by the negligence of Commercial Structures.

The order appealed from directs that Actions Nos. 1 and 2, which are against Niagara Mohawk Power Corporation only, be tried together and separate from Actions Nos. 3 to 6, which should also be tried together. A portion of the damages claimed in Action No. 2 is based upon alleged increased insurance premiums because the accident affected the plaintiff's insurance rating, which in turn will be reflected in such premiums. Commercial Structures, Inc., as plaintiff in Action No. 2 and as the defendant in Actions Nos. 3 to 6, has claimed that the injection of the insurance factor into the case would be extremely prejudicial to Commercial Structures as plaintiff in Action No. 2 and as defendant in Actions Nos. 3 to 6, because it would not appear that the defendants State Tower Garage and Niagara Mohawk are likewise insured. Although it is not definite that, in this day and age, the injection of insurance would affect the determination and decision of the jury, the Special Term Justice decided that it might, and we are not inclined to disagree as to that.

Both parties to this appeal, the plaintiffs-respondents in Actions Nos. 1 and 2 and the defendant-appellant in the same actions, agree that this will be a long and involved trial and Niagara Mohawk claims that it should not be put to the task and expense of trying the same issues of liability twice. That is one matter for consideration. However, there is another very

serious matter for consideration, and that is judicial time. The courts are strenuous in their efforts to prevent delay, and no action should be tried twice unless there will be real harm caused to a party by a single trial. Therefore, all six cases should be tried together and in Action No. 2 the issue of insurance should not be injected but only the question of liability should be determined and, thereafter, if it is decided that Commercial Structures has a claim against Niagara Mohawk the question of damages, which will involve insurance, may be tried separately. This should be of aid to all parties, and should not harm but should be beneficial to Commercial Structures by avoiding an additional full trial, and will be extremely helpful to the judicial process. It will also avoid the possibility of inconsistent verdicts. The order should be reversed and the motion granted in accordance herewith.

MARSH and WITMER, JJ., concur; GOLDMAN and HENRY, JJ., dissent and vote to affirm the order.

Order reversed, without costs, and motion granted in accordance with the opinion by WILLIAMS, J. P.